NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFF S. MILLHEISLER, husband and wife, and the marital community composed thereof; HARRIET L. MILLHEISLER, husband and wife, and the marital community composed thereof, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TACOMA SCHOOL DISTRICT #10, <br><br> Defendant-Appellee. | No. 20-35251 <br><br> D.C. No. 3:19-cv-05194-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jeff S. Millheisler appeals pro se from the district court's summary judgment

in his employment action alleging various federal and state law claims.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Millheisler's failure-to-accommodate and disparate treatment claims under the Americans with Disabilities Act because Millheisler failed to raise a genuine dispute of material fact as to whether he was qualified to continue working as a certified teacher. *See Dark v. Curry County*, 451 F.3d 1078, 1088-89 (9th Cir. 2006) ("[Plaintiff] has the burden of showing the existence of a reasonable accommodation that would have enabled him to perform the essential functions of an available job.").

The district court properly granted summary judgment on Millheisler's retaliation claims, and his Title VII claims arising from events pre-dating February 5, 2018, as barred by the statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII complainant must file EEOC charge no later than 180 days, or authorized state or local agency charge no later than 300 days, after alleged unlawful practice occurred).

The district court properly granted summary judgment on Millheisler's claims under the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. § 1981, and Title VII claims arising from events post-dating February 5, 2018, because Millheisler failed to raise a triable dispute as to whether defendant discriminated against him because of his age, race, or disability. *See Diaz v. Eagle*

*Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008) (elements of an ADEA claim); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797-98 (9th Cir. 2003) (elements of prima facie hostile work environment claim under Title VII or § 1981).

The district court properly granted summary judgment on Millheisler's due process and equal protection claims because Millheisler failed to raise a triable dispute as to whether defendant's policy or custom violated his constitutional rights. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the private entity's custom or policy violated the plaintiff's constitutional rights).

We reject as without merit Millheisler's contentions that the district court erred by consolidating his cases, denied his right to a jury trial, and was biased, and that defendant's declarations were submitted in bad faith.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider issues raised by Millheisler in his brief which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**